UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| THOMAS MARTIN MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 7:18-cv-002-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | | |

\*\*\*

This matter is before the Court on Plaintiff's Motion for Extension of Time to Submit Memorandum [DE 11] and Plaintiff's Motion to Amend Complaint and Motion to Remand [DE 12]. Having considered the matter fully, and being otherwise sufficiently advised, the Court will grant Plaintiff's Motion for Extension of Time to Submit Memorandum [DE 11] and deny Plaintiff's Motion to Amend Complaint and Motion to Remand [DE 12].

**A. FACTUAL AND PROCEDURAL BACKGROUND**

On January 4, 2018, Plaintiff brought this action arguing in Paragraph V of his Complaint [DE 1] that Defendant's determination that Plaintiff was not disabled was not supported by substantial evidence. [DE 1, at 2]. On April 19, 2018, Defendant filed an answer contending, "Paragraph V of Plaintiff's Complaint states a legal conclusion to which no responsive pleading is required. To

the extent that the court deems a responsive pleading is necessary, defendant denies paragraph V." [DE 9, at 1]. Pursuant to the Court's April 19, 2018 Standing Scheduling Order [DE 10], Plaintiff was directed to "move for summary judgment or judgment on the pleadings within sixty (60) days." [DE 10, at 2]. Additionally, the Court's Standing Scheduling Order [DE 10] states, "Extensions of time, expansions of page limitations, or permission to file additional briefs may be granted only if good cause is shown." *Id.* at 4.

On June 20, 2018, instead of moving for summary judgment or judgment on the pleadings, Plaintiff filed the present Motion for Extension of Time in Order to Submit Memorandum [DE 11] asserting, "[C]ounsel has had to relocate this law practice which interrupted his ability to properly prepare Mr. Mullins' [sic] memorandum and have delayed our ability to complete our arguments on Mr. Mullins' [sic] behalf." [DE 11, at 1]. On August 13, 2018, Plaintiff filed the present Motion to Amend Complaint and Motion to Remand [DE 12], and on October 3, 2018, Defendant filed a Response [DE 14] in opposition to Plaintiff's Motion [DE 12], both of which shall be discussed further herein.

## B. DISCUSSION

Before considering whether to grant Plaintiff's Motion for Extension of Time in Order to Submit Memorandum [DE 11], the Court

will first determine whether Plaintiff's Motion to Amend Complaint and Motion to Remand [DE 12] should be granted.

**1. PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO REMAND**

Plaintiff "moves this Court for a Motion to amend its complaint to reflect that the denial issued claim issued in 2017 was issued by an ALJ who was not properly appointed." [DE 12, at 1]. Plaintiff declares, "[T]hus the denial decision was invalid because the presiding ALJ had not been properly appointed as set forth under the Appointments Clause." *Id.* (citing *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018)). Aside from this unsubstantiated declaration, Plaintiff fails to provide any further discussion or argument. Instead, Plaintiff states the following:

> I believe that Justice Kagan [in *Lucia*] does a more than adequate job of explaining why the presiding Social Security ALJ in Plaintiff's administrative case would be deemed to be an "officer" of the United States and thus subject to the requirements of the Appointment Clause, and serve as a compelling basis for a Motion for Remand under Sentence Six(6) under 42 U.S.C. § 405(g).
> Further, the Sixth Circuit recently in Jones Brothers v. Secretary of Labor, Case No. 17-3483 (6th Cir. 7/31/2018) [sic] showed the broad application of the Lucia decision to other administrative proceedings beyond that of the S.E.C. litigation.

[DE 12, at 1]. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Vasquez v. Astrue*, No. 6:12–CV–

3

125–KSF, 2013 WL 1498895, at *6 (E.D. Ky. Apr. 11, 2013) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

Here, Plaintiff does not even bother to "mention a possible argument in the most skeletal way." *Id.* Instead, Plaintiff merely cites *Lucia*, a Supreme Court of the United States Opinion delivered by Justice Elena Kagan, and *Jones Brothers,* a Sixth Circuit Court of Appeals Opinion, which Plaintiff fails to properly cite, that found the *Lucia* Opinion extended to administrative proceedings before the Mine Commission. In essence, Plaintiff is telling the Court to go fetch and piece together what Plaintiff's argument is based on nothing more than Plaintiff's direction to look at the *Lucia* Opinion. [DE 12, at 1 (citing *Lucia,* 138 S.Ct. 2044; *Jones Brothers v. Secretary of Labor,* 898 F.3d 669 (6th Cir. 2018))]. The Court will not fetch. It is Plaintiff's responsibility to develop an argument, and citing a couple of cases and telling the Court to agree with them with no supporting argument for why the cases are applicable to the present case is not a developed argument. If Plaintiff wished to argue the *Lucia* Court's decision extends to the Social Security Administration's administrative law judges, Plaintiff should have done so in a non-perfunctory manner. As a result, the arguments that Plaintiff has attempted to make in

his Motion to Amend Complaint and Motion to Remand [DE 12] are waived.

Moreover, even if Plaintiff's arguments were not waived, the *Lucia* and *Jones Brothers* decisions do not support Plaintiff's presumed argument that remand is appropriate because the administrative law judge presiding over his claim was an inferior officer under the Appointments Clause who was not constitutionally appointed under that clause. As Defendant correctly asserts in its Response [DE 14] to Plaintiff's Motion [DE 12], "[T]he Supreme Court made plain in *Lucia* that only parties that make 'timely challenge[s]' under the Appointments Clause are entitled to relief, necessarily suggesting that the failure to make a 'timely' challenge precludes relief." [DE 14, at 5 (citing *Lucia,* 138 S.Ct. at 2055)(quoting *Ryder v. United States,* 515 U.S. 177, 182–183 (1995) ("'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief."))]. Furthermore, in *Jones Brothers*, the Sixth Circuit Court of Appeals found the plaintiff forfeited its Appointments Clause argument by failing to present it before the Mining Commission. *Jones Brothers,* 898 F.3d at 677. However, the Sixth Circuit Court of Appeals also found the plaintiff's forfeiture should be excused because while Plaintiff failed to expressly present his Appointments Clause argument before the Mining Commission, the plaintiff said the following before the

5

Mining Commission: "'In addition to the arguments set forth below, Jones Bros. also recognizes that there is currently a split among the Circuit Courts of Appeal as to whether administrative law judges, who are not appointed by the President, may constitutionally decide cases brought before them.'" *Id.* at 678 (citation omitted). Accordingly, the *Jones Brothers* Court held, "That is a reasonable statement from a petitioner who wishes to alert the Commission of a constitutional issue but is unsure (quite understandably) just what the Commission can do about it." *Id.*

Unlike the plaintiff in *Jones Brothers* or a plaintiff who presents a timely challenge before a commission, in the present case, Plaintiff has not alleged that he either presented his Appointments Clause argument at his social security hearing or even mentioned the Appointments Clause at the hearing. Instead, after the decisions in *Lucia* and *Jones Brothers,* Plaintiff filed the present Motion to Amend Complaint and Motion to Remand [DE 12] attempting to argue the Appointments Clause entitles him to relief. Therefore, Plaintiff's challenge under the Appointments Clause is untimely, he forfeited this claim, and Plaintiff's forfeiture should not be excused. Accordingly, the Court will deny Plaintiff's Motion to Amend Complaint and Motion to Remand [DE 12].

## 2. PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN ORDER TO SUBMIT MEMORANDUM

Since the Court will deny Plaintiff's Motion to Amend Complaint and Motion to Remand [DE 12], and Plaintiff's Motion for Extension of Time in Order to Submit Memorandum [DE 11] complies with the Court's Standing Scheduling Order [DE 10] by showing good cause for why an extension should be granted, the Court will grant Plaintiff's Motion for Extension of Time in Order to Submit Memorandum [DE 11].

## C. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion to Amend Complaint and Motion to Remand [DE 12] is **DENIED;**

(2) Plaintiff's Motion for Extension of Time in Order to Submit Memorandum [DE 11] is **GRANTED;**

(3) Plaintiff shall **FILE** either a motion for summary judgment or judgment on the pleadings no later than **April 5, 2019**; and

(4) Defendant's counter-motion or response to Plaintiff's motion for summary judgment and all other deadlines shall be due pursuant to the deadlines found in the Court's Standing Scheduling Order [DE 10].

This the 25th day of March, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge